**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS KAZAKOS, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>IONIA CORP. (D/B/A GREEK ISLANDS) GEORGE SARAFOGLOU, and EVANGELINE SARAFOGLOU,<br><br>Defendants | **COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION UNDER 29 U.S.C. § 216(b)**<br><br>**ECF Case** |

Plaintiff Thomas Kazakos, individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Sacco & Fillas, LLP., upon his knowledge and belief, and as against Ionia Corp. (D/B/A Greek Islands), ("Defendant Corporation"), George Sarafoglou and Evangeline Sarafoglou, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## 1. <u>NATURE OF ACTION</u>

1. Plaintiff is a former employee of Defendants Ionia Corp. (D/B/A Greek Islands George Sarafoglou, and Evangeline Sarafoglou.

2. Defendants own, operate, or control a Greek restaurant, located at 25317 Northern Blvd, Little Neck, NY 11362 under the name "Greek Islands."

3. Upon information and belief, individual Defendants George Sarafoglou and Evangeline Sarafoglou, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff was employed as a server at the restaurant located at 25317 Northern Blvd, Little Neck, NY 11362.

5. At all times relevant to this Complaint, Plaintiff worked for Defendants, without appropriate minimum wage compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked.

7. In addition, defendants maintained a policy and practice of unlawfully appropriating Plaintiff's and other tipped employees' tips.

8. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## 2. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Greek restaurant located in this district. Further, Plaintiff was employed by Defendants in this district.

## 3. PARTIES

### 3.1. PLAINTIFF

14. Plaintiff Thomas Kazakos ("Plaintiff Kazakos" or "Mr. Kazakos") is an adult individual residing in Queens County, New York.

15. Plaintiff Kazakos was employed by Defendants at Greek Islands from approximately June 2022 until on or about June 5, 2024.

### 3.2. DEFENDANTS

16. At all relevant times, Defendants own, operate, or control a Greek restaurant, located at 25317 Northern Blvd, Little Neck, NY 11362 under the name "Greek Islands".

17. Upon information and belief, Ionia Corp. (d/b/a Greek Islands) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25317 Northern Blvd, Little Neck, NY 11362.

18. Upon information and belief, Defendant George Sarafoglou is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Sarafoglou is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Sarafoglou possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Upon information and belief, Defendant Evangeline Sarafoglou is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Evangeline Sarafoglou is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Evangeline Sarafoglou possesses operational control over

Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant George Sarafoglou is the principal on the liquor license for Defendant IONIA CORP.

21. In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). These facts are sufficient to establish his right and ability to supervise the infringing activities.

22. The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage.

23. The status of serving as a principal on a liquor license suggests a general ability to supervise the establishment's operations and enjoy its profits.

24. The status of serving as a principal on a liquor license also suggests (s)he keeps and maintains adequate records of all transactions involving the business transacted by such licensee which show the amount of alcoholic beverages, in gallons, purchased by such licensee together with the NAME1s, license numbers and places of business of the persons from whom the same were purchased, the amount involved in such purchases, as well as the sales of alcoholic beverages made by such licensee.

25. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is responsible for the activities of employees and patrons in all parts of the licensed premises, even if not always physically present.

26. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee must keep adequate books and records of all transactions involving the licensed business, including records concerning employees, whether full or part time.

27. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is subject to disciplinary action whether he, or an employee, serves a visibly intoxicated person or minor, and accordingly is recommended to train employees concerning service of alcohol.

28. In applying to hold a liquor license, the applicant must confirm the location of where alcohol is stored.

29. The liquor license holder has a direct or indirect economic interest in the establishment.

30. In applying to hold a liquor license, the applicant must confirm, among other items, whether the restaurant has a full kitchen and will serve full entrée like meals.

31. In applying to hold a liquor license, the applicant must provide a diagram of the premises.

## 4. FACTUAL ALLEGATIONS

### 4.1. DEFENDANTS CONSTITUTE JOINT EMPLOYERS

32. Defendants operate a Greek restaurant located in Little Neck, New York.

33. Individual Defendants, George Sarafoglou and Evangeline Sarafoglou, possess operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

34. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

36. Defendants jointly employed Plaintiff (and all similarly situated employees) and are Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

38. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

39. In each year from 2022 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### 4.2. PLAINTIFF THOMAS KAZAKOS

41. Plaintiff is a former employee of Defendants who was employed as a server.

42. Plaintiff seeks to represent a class and collective of similarly situated individuals under federal and state wage and hour laws set forth herein.

43. Plaintiff Kazakos was employed by Defendants from approximately June 2022 until on or about June 5, 2024.

44. Defendants employed Plaintiff Kazakos as a server.

45. Plaintiff Kazakos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46. Plaintiff Kazakos's work duties required neither discretion nor independent judgment.

47. During approximately June 2022, Plaintiff Kazakos worked from approximately 3:00 p.m. until on or about 10:00 p.m., 3 days per week (typically 21 hours per week).

48. From approximately July 2022 until on or about August 2022, Plaintiff Kazakos worked approximately 35 hours per week.

49. From approximately September 2022 until on or about December 2022, Plaintiff Kazakos worked approximately 21 hours per week.

50. From approximately April 2023 until on or about December 2023, Plaintiff Kazakos worked approximately 21 hours per week.

51. From approximately January 2024 until on or about March 2024, Plaintiff Kazakos worked approximately 6 hours per week.

52. From approximately March 2024 until on or about June 5, 2024, Plaintiff Kazakos worked approximately 12 hours per week.

53. Defendants did not pay Plaintiff Kazakos any wages for the work he performed throughout his employment.

54. In fact, Plaintiff Kazakos was required to endorse checks that were supposed to be for his wages. However, after signing the checks, he was ordered to return them to Defendant George Sarafoglou.

55. Plaintiff Kazakos's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56. Defendants never granted Plaintiff Kazakos any breaks or meal periods of any kind.

57. Plaintiff Kazakos was never notified by Defendants that his tips were being included as an offset for wages.

58. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Kazakos's wages.

59. In addition, defendants illegally withheld approximately $175 worth of Plaintiff Kazakos' daily tips.

60. Plaintiff Kazakos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Kazakos regarding overtime and wages under the FLSA and NYLL.

62. Defendants did not provide Plaintiff Kazakos an accurate statement of wages, as required by NYLL 195(3).

63. Defendants did not give any notice to Plaintiff Kazakos, in English and in Greek (Plaintiff Kazakos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64. As a result of Defendants' failure to provide Plaintiff Kazakos and other employees a Notice of Pay Rate or accurate wage statements with each payment of wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

*Defendants' General Employment Practices*

65. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

66. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

68. Plaintiff was not paid any wages for the work he performed for Defendants.

69. Defendant failed to inform Plaintiff who received tips that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

70. Defendants failed to inform Plaintiff who received tips, that his tips were being credited towards the payment of the minimum wage.

71. Defendants failed to maintain a record of tips earned by Plaintiff who worked as a server for the tips he received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for his full hours worked.

74. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

75. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated former workers.

76. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

77. Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78. As a result of Defendants' failure to provide Plaintiff Kazakos with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

## FLSA COLLECTIVE ACTION CLAIMS

79. Plaintiffs bring this action on behalf of themselves, and all similarly situated workers who worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

80. The FLSA Collective consists of over 40 tipped employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully violating tip credit notice requirements and unlawfully misappropriating tips to management and/or nontipped employees and retaliating against Plaintiffs and similarly situated employees who engaged in protected activity.

81. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiffs and the FLSA Collective. This policy and pattern or practice includes but is not limited to: willfully violating tip credit notice requirements and unlawfully misappropriating tips to management and/or nontipped employees, and retaliating against Plaintiffs and similarly situated employees who engaged in protected activity.

82. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

83. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated workers can be readily identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

84. Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## 5. CLASS ACTION ALLEGATIONS

85. Plaintiffs brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated tipped employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

86. The class is so numerous that joinder of all members is impracticable because there are more than 40 members of the Rule 23 Class.

87. There are questions of law or fact common to the class including but not limited to: whether Defendants willfully violated minimum wage requirements, whether Defendants' violations of the wage law are in good faith, whether Defendants violated tip credit notice requirements, unlawfully misappropriated tips to management and/or nontipped employees, and unlawfully retaliated against employees who engaged in protected activity.

88. The claims or defenses of the representative parties (Plaintiffs) are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendants within the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

89. Plaintiffs and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

90. Plaintiffs will fairly and adequately protect the interests of the class.

91. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and with resources to prosecute a class action.

92. There is no conflict between Plaintiffs and the Rule 23 Class members.

93. Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

94. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

95. Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

96. Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

97. Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## 6. CAUSES OF ACTION

### 6.1. FIRST CAUSE OF ACTION - VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class Members), controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for their employment.

100. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

### 6.2. SECOND CAUSE OF ACTION - VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

105. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

106. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

107. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

108. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiff was damaged in an amount to be determined at trial.

### 6.3. THIRD CAUSE OF ACTION - FAIR LABOR STANDARDS ACT – TIP MISAPPROPRIATION

110. Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

111. The provisions regarding misappropriate gratuities set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

112. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

113. Defendants unlawfully retained gratuities and/or administrative fees intended for Plaintiffs and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

114. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by having their gratuities misappropriated in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### 6.4. FOURTH CAUSE OF ACTION - NEW YORK LABOR LAW – TIP MISAPPROPRIATION

115. Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

116. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

117. Defendants unlawfully retained part of the gratuities earned by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

118. Defendants require Plaintiff and the NYLL Class to share portions of the gratuities and/or service charges they received with individuals other than customarily tipped employees or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

119. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiff and the NYLL Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

120. Due to Defendants' willful violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### 6.5. FIFTH CAUSE OF ACTION - VIOLATION OF NOTICE AND RECORDKEEPING REQUIREMENTS OF NEW YORK LABOR LAWS

121. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

122. Defendants failed to provide Plaintiff with a written notice, in English and in Greek (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

123. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

124. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### 6.6. <u>SIXTH CAUSE OF ACT – VIOLATION OF WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW</u>

125. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

126. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127. As a result of Defendants' failure to furnish accurate statements to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

128. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees

### 6.7. <u>SEVENTH CAUSE OF ACTION – UNLAWFUL DEDUCTIONS</u>

129. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

130. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

131. New York Labor Law § 193(3) prohibits employers from requiring payment by an employee for charges that are not permitted as deductions.

132. Defendants unlawfully deducted payments to plaintiffs and the FLSA Collective and NYLL class as set forth above.

133. Defendants' knowing and intentional deductions from the pay of the plaintiffs and the FLSA Collective and NYLL class are willful violations of the NYLL and supporting Department of Labor Regulations.

134. As a result of defendants' willful violations of the NYLL, Plaintiff and the FLSA Collective and NYLL class are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## 7. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a. Designate this action as a collective action under 29 U.S.C. § 216(b) and authorize notice to all similarly situated employees, permitting them to opt-in to the FLSA claims;

b. Declare that Defendants violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and award Plaintiff and the FLSA Collective unpaid minimum wages, liquidated damages, and interest;

c. Declare that Defendants violated the New York Labor Law minimum wage provisions, N.Y. Lab. Law §§ 652(1), 663, and award Plaintiff and the NYLL Class unpaid minimum wages, liquidated damages, and interest;

d. Award Plaintiff and the FLSA Collective and NYLL Class the unpaid gratuities and service charges withheld by Defendants, and liquidated damages pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 196-d;

e. Declare that Defendants violated the notice and recordkeeping requirements of the New York Labor Law, N.Y. Lab. Law § 195(1) and § 195(3), and award Plaintiff statutory damages in the

amount of five thousand dollars ($5,000) per violation, together with reasonable attorneys' fees and costs;

f. Declare that Defendants engaged in unlawful deductions from wages in violation of N.Y. Lab. Law § 193, and award Plaintiff and the FLSA Collective and NYLL Class the full amount of improper deductions, together with liquidated damages, attorneys' fees, and costs;

g. Award Plaintiff and the FLSA Collective and NYLL Class pre-judgment and post-judgment interest as permitted by law;

h. Award Plaintiff and the FLSA Collective and NYLL Class reasonable attorneys' fees and costs of this action;

i. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Kazakos demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York

September 12, 2025

SACCO & FILLAS LLP

By: /s/ Clifford Tucker, Esq.

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: GEORGE SARAFOGLOU and EVANGELINE SARAFOGLOU

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of IONIA CORP. (D/B/A GREEK ISLANDS) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York

September 12, 2025

SACCO & FILLAS LLP

By: *_/s/ Clifford Tucker_*

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: IONIA CORP. (D/B/A GREEK ISLANDS)

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York

September 12, 2025

SACCO & FILLAS LLP

By: *__/s/ Clifford Tucker__*

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Thomas Kazako

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: ______________________ Date: **January 14, 2025**